1  Edward D. Fagan, Applicant Pro Se
2  590 NE Wavecrest Way, Boca Raton, FL 33432
3  Tel. (561) 757-5432 / Email: faganinternational@gmail.com
4
5                UNITED STATES DISTRICT COURT
6                      DISTRICT OF COLORADO
7                      CASE # 19 MC 37 _____
8  In Re:
9        Application of EDWARD D. FAGAN,
10       pursuant to 28 U.S.C. § 1782 for Judicial Assistance in
11       obtaining evidence from DROPCATCH.com 1057 LLC;
12       DOMAIN PROTECTION SERVICES, INC. and
13       HUGEDOMAINS.com and the persons / entities behind
14       fidelity@draftprocessing.com & lawfirm@randolph.com
15       for use in a foreign tribunal and proceeding _____ /
16
17              **APPLICATION FOR JUDICIAL ASSISTANCE**
18       **PURSUANT TO 28 U.S.C. § 1782 TO AID IN FOREIGN PROCEEDING**
19
20       EDWARD D. FAGAN (hereinafter "Applicant"), acting as a pro se Applicant, hereby

21  makes the following application for limited judicial assistance pursuant to 28 U.S.C. § 1782 to

22  aid in the several Foreign Proceeding(s) which are currently pending in and under ongoing

23  criminal investigation in the Republic of South Africa (SAPS Sinoville Case # 3471/1/2019) and

24  requests an order directing production of documentary evidence to identify the names and IP

25  Addresses of person / entities that operated certain email addresses and domains that were used

26  in the commission of a "Nigerian Type Internet & Bank Fraud" which evidence is the custody,

27  possession and/or control of  in obtaining evidence from HUGEDOMAINs.com:

28  DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC. each of which

29  have places of business in Denver and are found within this District, and the persons / entities

30  behind fidelity@draftprocessing.com & lawfirm@randolph.com, which are registered, owned,

31  operated and/or controlled by HUGEDOMAINs.com; DROPCATCH.com 1057 LLC and

32  DOMAIN PROTECTION SERVICES, INC. and respectfully shows the Court the following:

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 1*

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 MAY 13  AM 7: 59

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

1                                    **INTRODUCTION**

2          1.        The Miscellaneous Application is to get information that will help identify the

3    names and IP addresses of the persons / entities who are behind the above email addresses,

4    including personally identifying details, such as name, physical addresses, phone numbers and

5    other contact information of person / entities for the persons / entities who, operated, used and

6    paid for certain domains and email addresses that were and continue to be used in the

7    commission of a "Nigerian Type Internet & Bank Fraud" against Applicant and his partners and

8    predecessors, which as explained below is the subject of a foreign investigation in South Africa.

9          2.        The ongoing criminal investigation in the Republic of South Africa (SAPS

10   Sinoville Case # 3471/1/2019) has to do with the operation of domains and emails (pretending to

11   be from the FDIC and Chase Bank) associated with the domains that were being run through

12   South Africa.  The connection between the criminal investigation in the republic of South Africa

13   (SAPS Sinoville Case # 347/1/2019) and the witnesses in this District from which the evidence is

14   necessary is that they combined to form a massive coordinated Internet Fraud that was only

15   possible because of the coordination of the persons / entities who were behind the domains and

16   emails in South Africa involved in (SAPS Sinoville Case # 3471/1/2019) and the persons /

17   entities who / which are behind the emails fidelity@draftprocessing.com (pretending to be

18   Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law

19   firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

20   Investments) associated with the domains that were registered, owned, operated and/or

21   controlled by HUGEDOMAINs.com: DROPCATCH.com 1057 LLC and DOMAIN

22   PROTESTION SERVICES, INC.

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 2*

3.     Each of these were also connected to the domains and emails operated, controlled or run out of South Africa that pretended to be the FDIC and Chase Bank and other domains and emails associated with them that pretended to be Bank of America.

4.     Applicant understands that the Court might wish to consider allow up to 21 days from the date notice of this Application (i) is given to the persons / entities who / which are behind the emails fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and to HUGEDOMAINs.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC.

5.     \This Application for Judicial Assistance is to obtain evidence as allowed pursuant to Section 1782(a), and the US Supreme Court in *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) so that the evidence obtained from persons and entities residing and/or found within this judicial district so that evidence " . . . for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."

6.     This Application relates to a "Nigerian Type Internet Fraud" through which emails sent from fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and through HUGEDOMAINs.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC. were used to defraud Applicant and his partners and predecessors into sending millions of dollars in an effort to secure the repatriation of Inheritance Monies to which they

1    believed they were acquiring a lawful interest.

2         7.    The email addresses using the emails fidelity@draftprocessing.com (pretending to

3    be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a

4    law firm that was organizing the purported transfers to be made from Fidelity Bank and/or

5    Fidelity Investments) and through HUGEDOMAINs.com; DROPCATCH.com 1057 LLC and

6    DOMAIN PROTECTION SERVICES, INC. were used to (i) send and/or transfer the false

7    information and fake documents used to trick Applicant and his partners and predecessors to

8    believe that the Inheritance Monies and Assets were real and could be repatriated and transferred

9    and (ii) to send or transfer the instructions as to what monies, fees, invoices and other expenses

10   Applicant and his partners and predecessors were to pay to ensure the repatriation and transfer of

11   the alleged Inheritance Monies and Assets.

12        8.    The email addresses using the emails fidelity@draftprocessing.com (pretending to

13   be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a

14   law firm that was organizing the purported transfers to be made from Fidelity Bank and/or

15   Fidelity Investments) and through HUGEDOMAINs.com: DROPCATCH.com 1057 LLC and

16   DOMAIN PROTECTION SERVICES, INC. were used to conceal the true identity of the

17   persons / entities who were behind the "Nigerian Type Internet & Bank Fraud" and to send

18   information with / through the entities that are in the ongoing proceeding in South Africa SAPS

19   Sinoville SAPS Case # 347/01/2019  so that the South African proceeding can have all the

20   available evidence to address the fraud through which Applicant and his partners and

21   predecessors were defrauded into sending millions of dollars in wire transfers, all of which were

22   part of the elaborate Nigerian Type Internet & Bank Fraud.

-------------------------------------------------------------------------------------------------
In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 4*

9. The foreign proceeding that is being investigated by South Africa Police Services – SAPS Sinoville Case No. 347/01/2019 is against the person/entity that owned, operated and controlled the domain that gave the fake documents to the persons using the email addresses using the domains and which then forwarded them on to Applicant, his partners and predecessors as part of the fraud.

10. This Application seeks to identify only the names and IP addresses of the persons / entities who are behind the domains owned, operated, maintained and paid for the emails fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC. including personally identifying details, such as name, physical addresses, phone numbers and other contact information of person / entities that operated those email addresses that were used in the commission of a "Nigerian Type Internet & Bank Fraud" against Applicant, his partners and predecessors. The Application does NOT seek to discover content of emails sent from the emails fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC.

11. The evidence sought is the custody, possession and/or control of HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

1  SERVICES, INC. is relevant to investigation by South Africa Police Services – SAPS Sinoville

2  Case No. 347/01/2019 and their future prosecutions.

3       12.    This Application seeks information similar to what has already been granted in

4  this District and against similar witnesses, including cable and internet service providers, and

5  does not violate any relevant provision of the Cable Privacy Act 47 U.S.C. § 551. *See Action*

6  *and Protection 14-cv-80076-ECM-LB (DE 13 – June 19, 2014 Decision and DE 27 – April 27,*

7  *2015 Decision); In re Application for Appointment of a Commissioner re Request for Judicial*

8  *Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. § 1782, No. C 11-80136 RS*

9  *(MEJ), 2011 WL 2747302 (N.D. Cal. July 13, 2011) and In Re: Guido Gianasso for the Issuance*

10  *of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782, No. C 12-80029 MISC*

11  *SI (DE # 6 – Filed Feb. 28, 2012)*

12       13.    The evidence sought is primarily for use the South African Foreign Proceeding in

13  which Applicant is the original complaining witness in SAPS Sinoville Case # 347/01/2019  that

14  is underway in the Republic of South Africa by the South African Police Services – Serious

15  Commercial Crimes Unit – and in which the South African authorities are bringing in South

16  African Interpol due to the international nature of the wrongdoings.

17       14.    The evidence will also be used to assist with other investigations that Applicant

18  learned of after the commencement of the South African Case SAPS Sinoville Case #

19  347/01/2019.

20       15.    The evidence will also be used (i) to assist the FBI Field Office in New Orleans

21  which is also investigating these exact crimes and internet fraud and in which Applicant has an

22  interest and as to which the FBI continues to request Applicant's assistance, information and

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 6*

1   evidence and (ii) the Royal Canadian Mounted Police (RCMP) investigation also commenced

2   before Applicant's involvement and pending in Canada.

3        16.     The South African criminal investigation – SAPS Sinoville Case No. 347/01/2019

4   is against a woman who purportedly used, operated and controlled a domain from which fake,

5   fraudulent documents and information were transmitted to Applicant, his partners and

6   predecessors via emails instructions and information such as that from certain email addresses

7   and domains that appear to be connected to and were a part of and used by the same people /

8   entities responsible for the email addresses fidelity@draftprocessing.com (pretending to be

9   Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law

10  firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

11  Investments) and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

12  PROTECTION SERVICES, INC.

13       17.     **Exhibit 1** contains copies of the March 1 and 27, 2019 emails from South Africa

14  Police Services – Serious Commercial Crimes Unit - Capt. Eric Chiloane - leading the South

15  African Police Services Sinoville Case # 347/01/2019.  In the March 1, 2019 Email, Capt.

16  Chiloane confirms the existence of the complaint, investigation and future prosecutions; and that

17  the South Africa Police will welcome evidence that can be secured through the US Courts and

18  that evidence will be used in the future prosecutions.  The March 27, 2019 Email confirms that

19  the South African Police are bringing Interpol into the case as it involved an international fraud

20  and Cover Sheet of South African Case file.

21       18.     It should be noted that after the South African investigation was started, Applicant

22  learned of two other investigations, related to this fraud, involving many of the same witnesses

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 7*

1  and similar facts.  The first additional investigation is by the FBI New Orleans Field Office, led

2  by Special Agent Krista Bradford and Ass't US Attorney Rivera.  **Exhibit 2** contains copies of

3  the emails from the FBI Special Agent Bradford leading the New Orleans Field Offices

4  investigation.

5       19.     The scam / fraud committed against Applicant, his partners and predecessors,

6  started in or about 2016 and is ongoing. [1]

7       20.     The scam/fraud was a variations of what cyber-crime and the law enforcement

8  experts refer to as the "419 Letter Scam" [2], "Romance Scam" [3] and "Advance Fee Scam" [4] which

9  include persons/entities connections to Nigeria, who have target persons in the United States and

10  Canada and which use private persons, banks, shipping, travel and other companies through

11  which the scammed monies are transferred.

12       21.     The Nigerian Type Internet & Bank Fraud to which Applicant, his partners and

---

[1]     Applicant has been a victim of this fraud since early 2019.  Applicant acquired and owns 100 % of the rights of others including Russ Daneluk (victim of this fraud starting in late 2016/early 2017) who was solicited through the emails and domains that sent the fake documents and the instructions as to where the wire transfers were to be sent.  **See Exhibit 3** - copy of the Assignment of Russ Daneluk.

[2]     https://www.fbi.gov/scams-and-safety/common-fraud-schemes/nigerian-letter-or-419-fraud - Nigerian letter frauds combine the threat of impersonation fraud with a variation of an advance fee scheme in which a letter mailed, or e-mailed, from Nigeria offers the recipient the "opportunity" to share in a percentage of millions of dollars that the author—a self-proclaimed government official—is trying to transfer illegally out of Nigeria.

[3]     https://en.wikipedia.org/wiki/Romance_scam  - A romance scam is a confidence trick involving feigning romantic intentions towards a victim, gaining their affection, and then using that goodwill to commit fraud. Fraudulent acts may involve access to the victim's money, bank accounts, credit cards, passports, e-mail accounts, or national identification numbers; or forcing the victims to commit financial fraud on their behalf. In many instances, a mail-order bride scam will also bait the victim into committing felonies to establish citizenship for the perpetrator.

[4]     https://www.fbi.gov/scams-and-safety/common-fraud-schemes/advance-fee-schemes - An advance fee scheme occurs when the victim pays money to someone in anticipation of receiving something of greater value—such as a loan, contract, investment, or gift—and then receives little or nothing in return.

---

1    predecessors fell victim is one of the most sophisticated and longest running "Nigerian type"

2    internet bank scams.

3         22.    The evidence that is in the custody, possession and/or control of

4    HUGEDOMAINs.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

5    SERVICES, INC. will identify the names and IP addresses of the persons / entities who owned,

6    operated, maintained and paid for the emails fidelity@draftprocessing.com (pretending to be

7    Fidelity Bank or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm

8    organizing the purported transfers from Fidelity Bank or Fidelity Investments) and through

9    HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

10   SERVICES, INC. including personally identifying details, such as name, physical addresses,

11   phone numbers and other contact information of person / entities that operated those email

12   addresses used in the commission of a "Nigerian Type Internet & Bank Fraud" that is part of

13   SAPS Sinoville Case # 347/01/2019 ongoing proceedings and in their future prosecutions.

14        23.    Applicant is not seeking to circumvent any relevant evidence gathering laws and

15   it is not a fishing expedition.  Applicant is not looking for persons or entities against

16   whom/which civil claims can be brought.  Applicant is looking for information that will assist in

17   the ongoing investigations and future prosecutions in South Africa Police Services Sinoville

18   Case # 347/01/2019.  The evidence will also assist the FBI New Orleans Field Office

19   investigations which in some areas appear to overlap and the investigators wish to cooperate with

20   one another to ensure that the fraud is stopped and that those persons/entities involved and/or

21   which benefitted from the fraud are brought to justice.

22        24.    The request is limited to the specific information as to the true identity and

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 9*

1  location and contact information for the persons / entities who are behind the domains owned,

2  operated, maintained and paid for the emails fidelity@draftprocessing.com (pretending to be

3  Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law

4  firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

5  Investments) and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

6  PROTECTION SERVICES, INC. including personally identifying details, such as name,

7  physical addresses, phone numbers and other contact information of person / entities that

8  operated those email addresses which were used to solicit Applicant, his partners and

9  predecessors and which were used to send instructions as to where the wire transfers were to be

10  sent.  The request is NOT for the disclosure of email content.

11          25.      The request is not overly broad or burdensome and is limited to information

12  identifying the names and IP addresses of the persons / entities who are behind the domains

13  owned, operated, maintained and paid for the emails fidelity@draftprocessing.com (pretending

14  to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a

15  law firm that was organizing the purported transfers to be made from Fidelity Bank and/or

16  Fidelity Investments) and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

17  DOMAIN PROTECTION SERVICES, INC. including personally identifying details, such as

18  name, physical addresses, phone numbers and other contact information of person / entities that

19  operated those domains and email addresses used in the commission of a "Nigerian Type Internet

20  & Bank Fraud" and which emails were used to solicit Applicant and his partners and

21  predecessors into making wire transfers.

22          26.      The Application meets all the mandatory and discretionary requirements for a §

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 10

1   1782 Request for Judicial Assistance and should be granted.

2   **FACTS RELATED TO THE APPLICATION**

3        27.    Applicant, his partners and predecessors are victims of a scheme that involved

4   requests for monies made through emails sent to and by a woman named "Kari Peters"

5   (hereinafter "Peters") who was allegedly an heir to inheritance assets that were held in Nigeria

6   but which could be transferred to the United States.

7        28.    Certain persons who are behind and used the email addresses

8   fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and

9   lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers

10  to be made from Fidelity Bank and/or Fidelity Investments) and from which domains owned,

11  operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

12  DOMAIN PROTECTION SERVICES, INC., the fraudulent documents, information and

13  instructions were transmitted to solicit Applicant, his partners and predecessors.

14      **29.    Examples of the emails, instructions, information and other solicitations were**

15  **sent to Applicant, his partners and predecessors are attached as Exhibit 4.**

16       30.    Applicant, his partners and predecessors were told that (i) the Inheritance Monies

17  and Assets to which Peters was allegedly entitled allegedly came from Peter's father (Grant

18  Peters) and Peters claimed the monies and assets were lawfully earned by her father as a result of

19  his alleged contracting business(es) in Africa; (ii) Peters came to know a Canadian national –

20  Paul Corkum (hereinafter "Paul") - a paraplegic living in Ottawa Canada, who Peters allegedly

21  met from her mother; and (iii) if Peters and Corkum were engaged to be married, Corkum would

22  be assigned the rights to the Inheritance Monies and Assets allegedly due to Peters.

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 11*

31.     The fraud involving Peters and Corkum began in at least 2016 and continues to the present.

32.     Applicant, his partners and predecessors only became involved in 2017.

33.     Prior to Applicant's, his partners' and predecessors' involvement, Peters and Corkum got Corkum's brother (Ken Corkum), his wife Kate O'Neill and their relatives to transfer monies in furtherance of the fraud.

34.     The fraud was this:  In order to get the alleged Inheritance Monies and Assets transferred into accounts that would be in their names, Peters and Corkum allegedly had to pay certain monies for fees, services, customs, duties and other charges.

35.     Prior to approaching Applicant, his partners and predecessors, Peters, Corkum and Corkum's relatives (Ken Corkum, Kate O'Neil and others) allegedly exhausted all their resources and allegedly did not have the necessary additional monies to complete the transfer.

36.     In late December 2016 or early January 2017, Peters, Corkum and Ken Corkum approached Applicant, his partners and predecessors to induce them to the possibility of acquiring the Inheritance Monies and Assets by providing additional assistance and monies.

37.     Applicant, his partners and predecessors were offered rights and interests to the Inheritance Monies and Assets in exchange for which Applicant, his partners and predecessors would provide additional monies, resources and assistance to get the Inheritance Monies and Assets transferred into account(s) where they could be legally distributed to Peters, Corkum and Applicant, his partners and predecessors.

38.     Using the emails fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 12

1    organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments)

2    and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

3    PROTECTION SERVICES, INC., Applicant, his partners and predecessors were provided fake

4    documents in which Peters purportedly transferred her interests in the Inheritance Monies and

5    Assets to Corkum, who in turn transferred his interests to Applicant's partners / predecessors.

6         39.     The fake documents and information and instructions were sent using the email

7    addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

8    Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

9    purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and through the

10    domains owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057

11    LLC and DOMAIN PROTECTION SERVICES, INC., so as to trick Applicant, his partners and

12    predecessors into transfers millions to banks and account holders/beneficiaries that were

13    allegedly involved with the repatriation of the Inheritance Monies and Assets.

14         40.     Most if not ALL of the documents that were sent using the email addresses

15    fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and

16    lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers

17    to be made from Fidelity Bank and/or Fidelity Investments) and through the domains owned,

18    operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

19    DOMAIN PROTECTION SERVICES, INC., were fakes and the email addresses and domain

20    names were used to disguise and hide the original / true sender.

21         41.     On their face, the documents appeared to be legitimate and there appeared to be

22    no reason to doubt that the Inheritance Monies and Assets existed and could be legally

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 13

1     transferred.

2        42.     At all times, Applicant, his partners and predecessors believed that the Inheritance

3     Monies and Assets existed, that the rights to the monies were legitimate and that they could

4     lawfully acquire an interest in the monies and assets.

5        43.     At all times, Applicant, his partners and predecessors were committed to the fact

6     that before anyone was entitled to receive and take any of the Inheritance Monies and Assets that

7     all taxes, customs duties, transfer fees and other government and regulatory compliance

8     requirements were met and that when the money was actually transferred, it would be clean and

9     not the subject of any illegal or unlawful activity.

10       44.     Applicant, his partners and predecessors considered this to be a lawful business

11     investment to which they would contribute time, energy and monies in exchange for the return of

12     the Inheritance Monies and Assets.

13       45.     Using email addresses fidelity@draftprocessing.com (pretending to be Fidelity

14     Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

15     was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

16     Investments) and through the domains owned, operated and maintained by

17     HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

18     SERVICES, INC., documents, evidence, information and instructions were forwarded to

19     Applicant, his partners and predecessors, which documents, evidence by persons / entities who

20     were allegedly responsible for getting the Inheritance Monies and Assets released.

21       46.     Unbeknownst to Applicant, his partners and predecessors, the persons / entities

22     who allegedly gave information to Peters and Corkum that they passed on to Applicant, his

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 14*

1 | partners and predecessors, were behind, part of and benefitted from the Nigerian fraudulent

2 | scheme and that the documents and information give to Applicant, his partners and predecessors

3 | was intended to mislead Applicant, his partners and predecessors into believing that the alleged

4 | Inheritance Monies and Assets actually existed when they did not.

5 |       47.    Further, the persons / entities using the emails that are associated the email

6 | addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

7 | Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

8 | purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

9 | owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

10 | DOMAIN PROTECTION SERVICES, INC., sought to deceive Applicant, his partners and

11 | predecessors, into believing that if they paid the fees as per the instructions transferred through

12 | Peters and Corkum that the Inheritance Monies and Assets would actually be released.

13 |       48.    Using the emails fidelity@draftprocessing.com (pretending to be Fidelity Bank

14 | and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was

15 | organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments)

16 | and through the domains owned, operated and maintained by HUGEDOMAINS.com;

17 | DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., Applicant, his

18 | partners and predecessors were told that to ensure the transfer of the inheritance monies they had

19 | to pay various fees, invoices, costs or other monies to persons and entities who had accounts at

20 | various banks in the United States.

21 |       49.    Using the emails fidelity@draftprocessing.com (pretending to be Fidelity Bank

22 | and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 15

1    organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments)

2    and through the domains owned, operated and maintained by HUGEDOMAINS.com;

3    DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., Applicant, his

4    partners and predecessors were presented with various documents all of which were transmitted

5    by email or text messages and in which the domain names, email addresses and documents

6    themselves appeared on their face to be authentic.

7          50.    The documents and information sent using the email addresses

8    fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and

9    lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers

10    to be made from Fidelity Bank and/or Fidelity Investments) and through the domains owned,

11    operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

12    DOMAIN PROTECTION SERVICES, INC., to Applicant, his partners and predecessors, were

13    fakes and were part of a scheme designed and intended to trick Applicant, his partners and

14    predecessors to transfer monies to accounts throughout the United States, which monies were

15    then transferred onward to the persons / entities behind this Nigerian fraud or were used to pay

16    invoices for services related to different parts of the Nigerian Fraud.

17          51.    Applicant, his partners and predecessors were defrauded through / with the email

18    sent from fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

19    Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

20    purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and through the

21    domains owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057

22    LLC and DOMAIN PROTECTION SERVICES, INC., by persons / entities involved with the

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 16

1    commission of a "Nigerian Type Internet & Bank Fraud".

2         52.    The email addresses fidelity@draftprocessing.com (pretending to be Fidelity

3    Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

4    was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

5    Investments) and through the domains owned, operated and maintained by

6    HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

7    SERVICES, INC., were used to send or transfer fake, forged and false documents from the fake

8    domains to trick Applicant, his partners and predecessors into sending millions of dollars in an

9    efforts in an attempt to secure the Inheritance Assets and monies

10         53.    The email addresses fidelity@draftprocessing.com (pretending to be Fidelity

11    Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

12    was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

13    Investments) and associated with the domains owned, operated and maintained by

14    HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

15    SERVICES, INC., were used to send or transfer misleading information and documents to

16    Applicant, his partners and predecessors so that they believed the Inheritance Monies and Assets

17    for which they were paying wire transfers was to secure the repatriation of the Inheritance

18    Monies and Assets in which Applicant and his partners / predecessors acquired an interest.

19         54.    This relief requested will help the South African Police Services investigation and

20    future prosecution in SAPS Sinoville Case # 347/01/2017 in the investigation and prosecution of

21    the persons/entities behind the domain operated out of South Africa, that generated fake

22    documents that were sent using the email addresses fidelity@draftprocessing.com (pretending to

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 17*

1    be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a

2    law firm that was organizing the purported transfers to be made from Fidelity Bank and/or

3    Fidelity Investments) and through the domains owned, operated and maintained by

4    HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

5    SERVICES, INC., identify all the persons / entities involved with the scheme so that (i) they can

6    shut down the fraud and (ii) hold accountable all the persons and entities who are / were behind

7    and /or benefitted from the scheme. [5]

8        55.    The identity of some of the persons and entities involved with the scheme have

9    been discovered.  Others continue to be concealed but can be discovered through applications

10   such as this one.

11       56.    The people / entities who / which have already been discovered are the ones

12   currently under investigation by South African Police SAPS Sinoville Case # 347/01/2017.

13       57.    The true identity and contact information for the persons / entities who used,

14   registered, owned and paid for the email addresses fidelity@draftprocessing.com (pretending to

15   be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a

16   law firm that was organizing the purported transfers to be made from Fidelity Bank and/or

17   Fidelity Investments) and the domains that were owned, operated and maintained by

18   HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

19   SERVICES, INC., from which the fake documents used to mislead Applicant, his partners and

20   predecessors and get them to transfer millions to accounts and companies predominantly in the

---

[5]     The information / evidence requested will also help the FBI, the RCMP and whichever additional
law enforcement agencies that will get involved with ongoing investigations and prosecutions.  Applicant
is cooperating with the FBI investigation by providing such documents and evidence as they request.

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 18

1    United States, have been concealed from Applicant, his partners and predecessors.

2          58.     Applicant, his partners and predecessors have no available recourse and no ability

3    on their own to discover the identity of the persons or entities using and/or behind the email

4    addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

5    Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

6    purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

7    owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

8    DOMAIN PROTECTION SERVICES, INC., and the other person or persons, or entities,

9    who/which are behind this massive internet fraud.

10   **WITNESS AND EVIDENCE IN WITNESS' POSSESSION**

11         59.     Witness HUGEDOMAINS.com maintains an office at 2635 Walnut Street,

12   Denver, CO 80205, within this District.

13         60.     Witness DROPCATCH.com 1057 LLC maintains an office at 2635 Walnut

14   Street, Denver, CO 80205, within this District.

15         61.     Witness DOMAIN PROTECTION SERVICES, INC. office and mailing address

16   is PO Box 1769, Denver, CO 80201, within this District.

17         62.     From late 2016 and continuing to the present Applicant, his partners and his

18   predecessors have been sent the emails fidelity@draftprocessing.com (pretending to be Fidelity

19   Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

20   was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

21   Investments) and through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

22   PROTECTION SERVICES, INC. which contained or forwarded the fake, forged and false

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 19*

1    documents including those that are already part of the South African criminal proceeding SAPS

2    Sinoville Case # 347/01/2019 and were part of the plan to trick Applicant, his partners and

3    predecessors into sending millions of dollars in an efforts in an attempt to secure the Inheritance

4    Assets and monies.

5          63.    From late 2016 and continuing to the present, the emails and domains were used

6    to mislead Applicant, his partners and predecessors into believing that the monies they were

7    paying via wire transfers was to secure the patriation of the Inheritance Monies and Assets in

8    which Applicant and his partners / predecessors acquired an interest.

9          64.    This application seeks ONLY information that is relevant to the South African

10   Police Services – SAPS Sinoville Case # 347/01/2019 which so far is against the persons/entity

11   who operated the domain from which fake documents were created, used and forwarded to

12   Corkum or Peters from email addresses fidelity@draftprocessing.com (pretending to be Fidelity

13   Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

14   was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

15   Investments) and the domains owned, operated and maintained by HUGEDOMAINS.com;

16   DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., and which

17   were then forwarded on to Applicant, his partners and predecessors or which were sent directly

18   to Applicant, his partners and predecessors from the email addresses using or under or belonging

19   to the domains draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments)

20   and randolph.com (pretending to be a law firm that was organizing the purported transfers to be

21   made from Fidelity Bank and/or Fidelity Investments) and the emails associated with those

22   domains, which were owned, operated and maintained by HUGEDOMAINS.com;

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 20

1    DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC.

2    65.    The Application does not seek to circumvent evidence gathering laws or

3    procedures in South Africa as witnesses HUGEDOMAINS.com; DROPCATCH.com 1057 LLC

4    and DOMAIN PROTECTION SERVICES, INC. and whomever is behind the email addresses

5    fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and

6    lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers

7    to be made from Fidelity Bank and/or Fidelity Investments) and the domains owned, operated

8    and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

9    PROTECTION SERVICES, INC., and they do not appear to be subject to the jurisdiction of the

10   South African investigating authorities and prosecutors as relates to this particular set of facts.

11   Further the South African authorities have confirmed that they welcome the evidence that

12   Applicant is attempting to gather in the US Courts and that evidence will be used in their

13   investigation and future prosecutions.

14   66.    This Application also does not seek to circumvent evidence gathering laws or

15   procedures in the United States or Canada both of which regularly accept evidence gathered

16   pursuant to 28 USC § 1782.

17   67.    This application may be the only way to obtain the evidence related to the email

18   addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

19   Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

20   purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

21   owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

22   DOMAIN PROTECTION SERVICES, INC., and whomever is behind the email addresses and

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 21

1  domains, which evidence is needed for the South African Police Services – SAPS Sinoville Case

2  # 347/01/2019 as they investigate and prosecute and attempt to shut down this internet fraud and

3  scheme and to hold show how the fraud was only possible with the use of the emails and

4  domains through which fake documents and information were used to trick Applicant, his

5  partners and predecessors and others and to bring the persons / entities within the South African

6  jurisdiction to justice for their wrongful acts.

7      68.    Granting of the relief sought presents no hardship or burden to

8  HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

9  SERVICES, INC., or the persons / entities behind fidelity@draftprocessing.com (pretending to

10  be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a

11  law firm that was organizing the purported transfers to be made from Fidelity Bank and/or

12  Fidelity Investments) and the domains owned, operated and maintained by

13  HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

14  SERVICES, INC., because the evidence is in their possession in this district and any

15  electronically stored evidence can easily be produced from their servers, computer stored files

16  and databases in this district.

17      69.    Granting this application is consistent with the principles of 28 U.S.C. § 1782 and

18  Fed R. Civ. P Rule 26. [6]

---

[6]    28 U.S.C. § 1782 provides that documents / things produced in accordance with the Federal Rules of Civil Procedure). Fed. R. Civ. P. 26(d) provides that a district court may authorize early discovery for the parties' and witnesses' convenience and in the interests of justice. *See, e.g., IO Group, Inc. v. Does 1-65, 2010 WL 4055667, at *2 (N.D. Cal. 2010); Solarbridge Tech. v. John Doe, 2010 WL 3419189 (N.D. Cal. 2010) (*applicant should be given opportunity through discovery to identify unknown persons/entities) *(citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-77 (N.D. Cal. 2002)* and *Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (*factors to be considered when establishing

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 22*

**WITNESSES NOT PARTIES TO FOREIGN PROCEEDING / INVESTIGATION**

70.     The witnesses HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., REGISTER.com are not parties, nor are they in privy, with any other party in South African Police Services – SAPS Sinoville Case # 347/01/2019.

**THE APPLICATION IS CONSISTENT WITH SUPREME COURT PRINCIPLES**

71.     The application is consistent with the principles and standards set forth in *Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004); Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA), Inc., No. 11-12879, 2012 WL 2369166 (11th Cir. June 25, 2012); see In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007); United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001); Kulzer v. Esschem. Inc., 390 Fed. Appx. 88, 91 (3d Cir. 2010);* The Ninth Circuit has held that applications for subpoenas pursuant to § 1782 may be filed *ex parte* because "[t]he witnesses can . . . raise objections and exercise their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).*

72.     Further, as reflected by the language of § 1782, its purpose is to provide federal court assistance in gathering evidence for use in a foreign tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004); and Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir. 2004)* (§ 1782 has "twin aims," i.e., "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (internal quotation

good cause to learn the identity of an unknown entity through early discovery).

1    marks omitted).

2    **EVIDENCE SOUGHT IS SPECIFIC & RELEVANT TO SOUTH AFRICAN**
3    **POLICE SERVICES – SAPS SINOVILLE CASE # 347/01/2019**
4
5    73.    The evidence sought in this Petition is limited to, and Applicant requests only, the

6    specific information related to identifying the names and IP addresses of the persons / entities

7    who / where are behind and paid for the email addresses fidelity@draftprocessing.com

8    (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com

9    (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity

10   Bank and/or Fidelity Investments) and the domains owned, operated and maintained by

11   HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

12   SERVICES, INC., including personal identifying details, such as name, physical addresses,

13   phone numbers and other contact information of person / entities that operated those email

14   addresses used in the commission of a "Nigerian Type Internet & Bank Fraud" and which emails

15   were used to solicit Applicant and his partners and predecessors into making wire transfers.

16   74.    The information sought is obtainable and only available from the witnesses who

17   were responsible for the email addresses fidelity@draftprocessing.com (pretending to be Fidelity

18   Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

19   was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

20   Investments) and the domains that were owned, operated and maintained by

21   HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

22   SERVICES, INC., as it is stored electronically in the databases they must maintain.

23

24

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 24

## PETITION IS MADE IN COMPLIANCE WITH 28 USC § 1782 REQUIREMENTS, CIRCUIT PRECEDENT & SHOULD BE GRANTED

### The Requirements of Section 1782 and Subpoenas Have Been Met

75. 28 U.S.C. § 1782(a), which provides: *The district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that . . . the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for . . . producing the document or other thing. To the extent that the order does not prescribe otherwise, . . . and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.*

76. Since 1948, "Congress [has] substantially broadened the scope of assistance federal courts could provide for foreign proceedings," per § 1782. *Intel, 542 U.S. at 247-48.*

77. The use of *ex parte* applications is widespread and, in many cases, unremarked upon (and thus approved of *sub silentio*). *See, e.g.*, *In re Request from UK Pursuant to Treaty Between Gov't of U.S. & Gov't of UK on Mut. Assistance in Criminal Matters in the Matter of Dolours Price*, 685 F.3d 1, 6 (1st Cir. 2012), *cert. denied*, 133 S. Ct. 1796 (2013); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 78 (2d Cir. 2012); *In re Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 992 (11th Cir. 2012); *In re Clerici*, 481 F.3d 1324, 1329 (11th Cir. 2007).

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 25*

78.    "The history of § 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *Lo Ka Chun v. Lo To, 858 F.2d 1564, 1565 (11th Cir. 1988).*

79.    Congress has granted the district courts broad discretion in granting judicial assistance under § 1782. *In re Application of Consorcio Ecuatoriano de Telecommunicaciones S.A., 2012 WL 2369166, at \*21 (11th Cir. 2012): In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007); United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001).*

80.    The district court has authority to grant § 1782 application for judicial assistance if the following statutory requirements are met: (1) request must be made "by a foreign or international tribunal," or by "any interested person"; (2) request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) person/entity from whom/which discovery is sought must reside and be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a); *In re Clerici, 481 F.3d at 1332, and In re Chevron Corp., 2010 U.S. Dist. LEXIS 47034, at \*15.*

81.    Once the statutory requirements have been satisfied, the district court should consider the following factors in deciding whether to exercise the discretion granted under § 1782: (1) whether "the person from whom discovery sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) "whether the § 1782(a)

1    request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

2    a foreign country or the United States"; and (4) whether the request is otherwise "unduly

3    intrusive or burdensome." *In re Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 264-65).*

4         82.      The Supreme Court has held that § 1782 does not contain a "foreign-

5    discoverability requirement" – i.e., there is no requirement that the information sought be

6    discoverable under the law governing the foreign proceeding. Intel, 542 U.S. at 253. The Court

7    has further held that there is no requirement that a § 1782 applicant show "United States law

8    would allow discovery in domestic litigation analogous to the foreign proceeding." Id. at 263.

9         83.      Section 1782(a) further "directs judges to provide discovery assistance pursuant to

10    the Federal Rules of Civil Procedure," *Weber v. Finker, 554 F.3d 1379, 1383 (11th Cir. 2009)*, so

11    long as the order does not prescribe the practice and procedure of the foreign country or the

12    international tribunal.

13         84.      Section 1782 (a) can also be used to discover the identity of individuals behind

14    domain names, email addresses and internet activity so that information can be provided to

15    foreign courts and investigating authorities. *See In re Application for Appointment of a*

16    *Commissioner re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28*

17    *U.S.C. § 1782, No. C 11-80136 RS (MEJ), 2011 WL 2747302 (N.D. Cal. July 13, 2011)*

18

19                  **Applicant Has Met the § 1782(a) Statutory Requirements**

20         85.      The complaint pending and ongoing investigations by the South African Police

21    Services in SAPS Sinoville Case # 347/01/2019 is a foreign proceeding. *See 28 U.S.C. § 1782(a)*

22    *and In re Letters of Request to Examine Witnesses, 59 F.R.D. 625, 629 (N.D. Cal. 1973)*

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 27

1  ("crucial requirement is that the foreign body exercise adjudicative power and have an

2  adjudicative purpose").

3     86.   Applicant is the complainant and a party to the foreign proceeding in South Africa

4  – SAPS Sinoville Case # 347/01/2019. *See 28 U.S.C. § 1782(a) and Intel, 542 U.S. at 256*

5  (stating that an interested person under § 1782 "plainly reaches beyond the universe of persons

6  designated 'litigant,'" although there is "[n]o doubt [that] litigants are included among and may

7  be the most common example").

8     87.   Applicant seeks only limited evidence in the form of names and IP addresses of

9  the persons / entities who are behind and paid for the email addresses

10  fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and

11  lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers

12  to be made from Fidelity Bank and/or Fidelity Investments) and the domains owned, operated

13  and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

14  PROTECTION SERVICES, INC., including personal identifying details, such as name, physical

15  addresses, phone numbers and other contact information of person / entities that operated those

16  email addresses used in the commission of a "Nigerian Type Internet & Bank Fraud" and which

17  emails were used to solicit Applicant and his partners and predecessors into making wire

18  transfers.

19     88.   The evidence to be produced is for use in the Nigerian fraud investigations being

20  conducted by South African Police Services – SAPS Sinoville Case # 347/01/2019 – in which

21  Applicant is a party. [7]

---

[7]    The evidence will also be used to assist the Nigerian fraud investigations being conducted by the
FBI Field Office in New Orleans and the RCMP, in both of which Applicant has an interest.

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 28

1         89.    The evidence to be produced will also help identify the person and/or entities that

2 were involved with that aspect of the Nigerian Fraud that used the fake documents created and

3 forwarded from the fake domains being used, controlled and operated out of South Africa which

4 provide fake documents and evidence that was forwarded through from email addresses

5 fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and

6 lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers

7 to be made from Fidelity Bank and/or Fidelity Investments) and the domains owned, operated

8 and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

9 PROTECTION SERVICES, INC., and which evidence will help the South African Police

10 Services – SAPS Sinoville Case # 347/01/2019 take the necessary actions to stop this ongoing

11 fraudulent scheme and prosecute the persons involved and who / which benefited from this

12 Nigerian Fraud and scheme.

13         90.    The discovery and evidence sought is from HUGEDOMAINS.com;

14 DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC. which are

15 located and can be found in the district of the district court ruling on the application for

16 assistance. *See 28 U.S.C. § 1782(a)*.

17

18         **Discretionary Factors Favor Granting Applicant's § 1782 Application**

19         **Witnesses are Outside Jurisdictional Reach of South African Authorities**

20         91.    Witness HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

21 PROTECTION SERVICES, INC. are not the subjects of the criminal investigations pending in

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 29*

1    South Africa Police Services – SAPS Sinoville Case # 347/01/2019.

2        92.     The Supreme Court held that since "nonparticipants in the foreign proceeding

3    may be outside the foreign tribunal's jurisdictional reach ..., their evidence, available in the

4    United States, may be unobtainable absent § 1782(a) aid." *Intel, 542 U.S. at 264.*

5        93.     A foreign tribunal has jurisdiction over those appearing before it and can itself

6    order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be

7    outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United

8    States, may be unobtainable absent § 1782(a) aid. *Id. at 264.*

9        94.     As such, the relevant evidence, documents and information in

10    HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

11    SERVICES, INC.'s possession, custody and control are not in the possession of the foreign

12    tribunal and would be accessible without judicial assistance in this jurisdiction. *See In re*

13    *Chevron Corp., 2010 U.S. Dist. LEXIS 47034, at \*20* (noting that Ecuadorian court and tribunal

14    lacked jurisdiction to compel the individual, who was located in the district and not a party to the

15    foreign proceedings, to produce the material sought) and *In re Microsoft Corp., 428 F. Supp. 2d*

16    *188, 194 (S.D.N.Y. 2006) (finding section 1782 assistance unnecessary and improper where the*

17    *discovery requested was already in the foreign tribunal's possession).*

18

19                  **Nature and Receptivity of South African Authorities & Tribunals**

20        95.     Section 1782 (a) specifically provides *"The district court of the district in which a*

21    *person resides or is found may order him to . . . produce a document or other thing for use in a*

22    *proceeding in a foreign or international tribunal, including criminal investigations conducted*

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 30

1     *before formal accusation . . . .* "

2     96.     § 1782 also authorizes and encourages judicial assistance even as to foreign

3   proceedings that have not yet commenced or advanced.   See *In re: Clerici at 1333 n. 12 (citing*

4   *Intel, 542 U.S. at 248-49).*

5     97.     § 1782(a) contains no threshold requirement that evidence sought from a federal

6   district court would be discoverable under the law governing the foreign proceeding. See *Intel,*

7   *543 U.S. at 247; see also In re Clerici, 481 F.3d at 1333 n.12.*

8     98.     Applicants need not meet a foreign discovery requirement prior to being entitled

9   to assistance under § 1782. *See In re Application of Winning, 2010 WL 1796579 at \*10, n.7.*

10    99.     In the March 1, 2019 email, South African Police Services Capt. Chiloane has

11   already confirmed that whatever evidence he is able to secure from procedures in the United

12   States and Canada will be welcomed in the investigation and future prosecution of SAPS

13   Sinoville Case # 347/01/2019. **See Exhibit 1.**

### Application is not a Fishing Expedition

15    100.     Federal Courts must guard against the use of § 1782 Requests to investigate

16   whether litigation is possible before launching a claim as well as attempts to collect evidence for

17   the purpose of "developing" evidence for some future criminal or civil case. *See In re Sargeant,*

18   *278 F. Supp. 3d 814 (SDNY 2917).*

19    101.     This Application is not a fishing expedition. It is not being used to investigate

20   whether a future claim can be made or to collect evidence for the purpose of developing / using it

21   for some future criminal or civil case. *See In re: Sargeant, supra.*

22    102.     The evidence sought in this Application is for use in the South African Police

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 31*

1   Services – SAPS Sinoville Case # 347/01/2019 in which Applicant is the complaining witness

2   and the evidence may also be used in the ongoing investigation by the FBI New Orleans Field

3   office and the RCMP investigation in which Applicant has an interest.

4       103.    All of these investigations exist and are ongoing.

5       104.    This § 1782 Application requests evidence that the law enforcement officials and

6   cyber-crimes experts with whom Applicant has been dealing have informed him the evidence as

7   identified must be in the possession of HUGEDOMAINS.com; DROPCATCH.com 1057 LLC

8   and DOMAIN PROTECTION SERVICES, INC.

9   **Applicant Is Not Attempting to Circumvent**
10  **South African Proof Gathering Restrictions and Policies**
11
12      105.    Applicant is not attempting to circumvent foreign proof-gathering mechanisms in

13  its efforts to discover the names and IP addresses of the persons / entities who are behind the

14  email addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

15  Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

16  purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

17  owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

18  DOMAIN PROTECTION SERVICES, INC., including personal identifying details, such as

19  name, physical addresses, phone numbers and other contact information of person / entities that

20  operated and paid for those email addresses used in the commission of a "Nigerian Type Internet

21  & Bank Fraud" and which emails were used to solicit Applicant and his partners and

22  predecessors into making wire transfers, and does not have to prove receptivity to show they are

23  not attempting to circumvent foreign proof-gathering mechanisms. *See, e.g., In re Chevron, 762*

24  *F. Supp. 2d 242, 252 (D. Mass. 2010).*

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 32*

1        106.    Applicants' request for judicial assistance in order (i) to obtain information

2    identifying the names and IP addresses of the persons / entities who are behind the email

3    addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

4    Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

5    purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

6    owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

7    DOMAIN PROTECTION SERVICES, INC., and (ii) information that includes personal

8    identifying details, such as name, physical addresses, phone numbers and other contact

9    information of person / entities that operated those email and domain addresses used in the

10    commission of a "Nigerian Type Internet & Bank Fraud" and which emails were used to solicit

11    Applicant and his partners and predecessors into making wire transfers, which evidence is only

12    available from HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

13    PROTECTION SERVICES, INC., and will help in the South African Police Services – SAPS

14    Sinoville Case # 347/01/2019 investigation and future prosecutions and will assist in proving

15    how the Nigerian fraud against Applicant his partners and predecessors was perpetrated and what

16    persons / entities were involved with and benefitted from the fraud.

17        107.    Applicant, his predecessors and partners and Applicant is not attempting to

18    circumvent the foreign investigating authorities in South Africa's discovery methods and

19    restrictions. *See In re Application of Winning, 2010 WL 1796579 at \*10.*

20                 **<u>Application Not Unduly Burdensome or Intrusive</u>**

21        108.    The requests made by Applicant are limited to information identifying the names

22    and IP addresses of the persons / entities who are behind, maintained and paid for the email

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 33*

1    addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

2    Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

3    purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

4    owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

5    DOMAIN PROTECTION SERVICES, INC., including personal identifying details, such as

6    name, physical addresses, phone numbers and other contact information of person / entities that

7    operated those email addresses used in the commission of a "Nigerian Type Internet & Bank

8    Fraud" and which emails were used to solicit Applicant and his partners and predecessors into

9    making wire transfers, which documents and evidence are / should be in the possession, custody

10    and control of the HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

11    PROTECTION SERVICES, INC. and as such the request are neither overly broad nor

12    burdensome. *See In re Consorcio Ecuatoriano, 2012 WL 2369166, at \*20 n.7 and Intel, 542 U.S.*

13    *at 265.*

14          109.    The evidence requested is "relevant to the foreign proceeding", to wit: the

15    criminal investigation in South Africa – SAPS Sinoville Case # 347/01/2019.  *See In re Dr.*

16    *Braga, 789 F. Supp. 2d at 1304; compare In re Consorcio Ecuatoriano, 2012 WL 2369166 at*

17    *\*24 (holding that the discovery is plainly relevant to the foreign proceedings where they formed*

18    *the basis for the defenses in those proceedings), Kang v. Noro- Moseley Partners, 246 Fed.*

19    *App'x. 662, 664 (11th Cir. 2007) (denial only due to "irrelevance of requested discovery to the*

20    *nature of the foreign proceedings").*

21          110.    Applicants' requests are not unduly intrusive and seeks only evidence, documents

22    and information identifying the names and IP addresses of the persons / entities who are behind

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 34*

1    and who established, maintain and pay for the email addresses fidelity@draftprocessing.com

2    (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com

3    (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity

4    Bank and/or Fidelity Investments) and the domains owned, operated and maintained by

5    HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

6    SERVICES, INC., including personal identifying details, such as name, physical addresses,

7    phone numbers and other contact information of person / entities that operated those email

8    addresses used in the commission of a "Nigerian Type Internet & Bank Fraud" and which emails

9    were used to solicit Applicant and his partners and predecessors into making wire transfers.

10        111.    This evidence is highly relevant to the issues being considered in the South

11    African Police Services – SAPS Sinoville Case # 347/01/2019.

12        112.    As HUGEDOMAINS.com, DROPCATCH.com 1057 LLC and DOMAIN

13    PROTECTION SERVICES, INC. are not participants in or subjects to the jurisdiction of the

14    South African investigating authorities, it is uncertain that the evidence, documents and

15    information they possess can be accessed without the granting of this request, as such are

16    "outside the foreign tribunal's jurisdictional reach." *See Intel, 542 U.S. at 244.*

17        113.    The documents in HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

18    DOMAIN PROTECTION SERVICES, INC. possession, custody and control are relevant and

19    have evidentiary value to the South African proceeding and providing them does not subject

20    witnesses HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

21    SERVICES, INC. to undue burden. *See Fed. R. Civ. P. 45(c)(3)(iv), Int'l Ass'n of Machinists*

22    *and Aerospace Workers v. P&B Transp., 2007 WL 4145974, at \*2 (M.D. Fla. 2007); Fadalla v.*

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 35

1  *Life Automotive Products, Inc., 258 F.R.D. 501. 504 (M.D. Fla. 2007) (citing Wiwa v. Royal*

2  *Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).*

3    114.    The discovery requests are sufficiently tailored and limited to information

4  identifying the names and IP addresses of the persons / entities who are behind the email

5  addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

6  Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

7  purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains

8  owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and

9  DOMAIN PROTECTION SERVICES, INC., including personal identifying details, such as

10  name, physical addresses, phone numbers and other contact information of person / entities that

11  operated those email addresses used in the commission of a "Nigerian Type Internet & Bank

12  Fraud" and which emails were used to solicit Applicant and his partners and predecessors into

13  making wire transfers, and directly relate to and will assist in the ongoing investigation and

14  future prosecutions of persons / entities involved with and who/which benefitted from the

15  Nigerian fraud against Applicant, his partners and predecessors. *See In re Consorcio*

16  *Ecuatoriano, 2012 WL 2369166 at *25 (holding that discovery was appropriately tailored as it*

17  *"limit[ed] the request to information" within a six year time period relating to one specific*

18  *contract and the deposition of a person most knowledgeable), with Advanced Micro Devices, Inc.*

19  *v. Intel Corp., 2004 U.S. Dist. LEXIS 21437 (on remand from the Supreme Court, the district*

20  *court found the 1782 application to be "unduly intrusive and burdensome [since there was] . . .*

21  *no attempt to tailor its application to the subject matter of the EC Complaint").*

22  **<u>Application Does Not Violate Cable Privacy Act</u>**

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 36

115.    As to witnesses HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., Applicant states this Application does not violate any applicable provision of the Cable Privacy Act ("CPA") 47 U.S.C. § 551.

116.    The Cable Privacy Act prohibits cable operators from disclosing personally identifiable information regarding subscribers without prior written or electronic consent of the subscriber, or a court order, provided the cable operator provides the subscriber with notice of the disclosure. 47 U.S.C. § 551(c)(1), (c)(2)(B).

117.    A cable operator is defined as "any person or group of persons (A) who  provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." Id. § 522(5).

118.    The Application seeks to gather limited identifying information, such as the names and contact information for the persons involved with the names and IP addresses of the persons / entities who are behind and who paid for the email addresses fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity Investments) and the domains owned, operated and maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., including personal identifying details, such as name, physical addresses, phone numbers and other contact information of person / entities that operated those email addresses used in the commission of a "Nigerian Type Internet & Bank Fraud" and which emails were used to solicit Applicant and his partners and predecessors into making wire

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 37

1  transfers and none of the information sought is or would be privileged or protected. *See In re*

2  *Application for Appointment of a Commissioner re Request for Judicial Assistance for the*

3  *Issuance of Subpoena Pursuant to 28 U.S.C. § 1782, No. C 11-80136 RS (MEJ), 2011 WL*

4  *2747302 (N.D. Cal. July 13, 2011)* (granting § 1782(a) application seeking issuance of

5  subpoenas on blog publishing service to identify individuals who authored an anonymous blog

6  commenting on foreign labor dispute) and *In Re: Guido Gianasso for the Issuance of Discovery*

7  *in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782, No. C 12-80029 MISC SI (DE # 6 –*

8  *Filed Feb. 28, 2012).*

9      119.    Applicants have explained that the names and IP addresses of the persons /

10  entities who are behind the email addresses fidelity@draftprocessing.com (pretending to be

11  Fidelity Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law

12  firm that was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

13  Investments) and the domains owned, operated and maintained by HUGEDOMAINS.com;

14  DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., including

15  personal identifying details, such as name, physical addresses, phone numbers and other contact

16  information of person / entities that operated those email addresses used in the commission of a

17  "Nigerian Type Internet & Bank Fraud" and which emails were used to solicit Applicant and his

18  partners and predecessors into making wire transfers are relevant and discoverable given that the

19  emails fidelity@draftprocessing.com (pretending to be Fidelity Bank and/or Fidelity

20  Investments) and lawfirm@randolph.com (pretending to be a law firm that was organizing the

21  purported transfers to be made from Fidelity Bank and/or Fidelity Investments) are maintained or

22  operated through HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 38*

1   PROTECTION SERVICES, INC., offices and /or servers in this district. *See London v. Does,*

2   *279 Fed. Appx. 513, 515 (9th Cir. 2008)* (upholding denial of motion to quash where evidence

3   was otherwise unattainable in French proceedings); *see also Intel Corp., 542 U.S. at 264* (noting

4   that evidence from nonparties to foreign proceeding would likely be unobtainable absent §

5   1782).

6         120.    The Application is therefore not unduly intrusive or burdensome because it seeks

7   to gather only identifying information for the names and IP addresses of the persons / entities

8   who are behind the email addresses fidelity@draftprocessing.com (pretending to be Fidelity

9   Bank and/or Fidelity Investments) and lawfirm@randolph.com (pretending to be a law firm that

10   was organizing the purported transfers to be made from Fidelity Bank and/or Fidelity

11   Investments) and the domains owned, operated and maintained by HUGEDOMAINS.com;

12   DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC., including

13   personal identifying details, such as name, physical addresses, phone numbers and other contact

14   information of person / entities that operated those email addresses used in the commission of a

15   "Nigerian Type Internet & Bank Fraud" and which emails were used to solicit Applicant and his

16   partners and predecessors into making wire transfers and <u>not</u> the content of any communication.

17   See *London, 279 Fed. Appx. supra at 515.*

18           **Applicant's Requests Satisfies Fed. R. Civ. P. Rules 26 & 45 Requirements**

19                         **FRCP Rule 26**

20         121.    Discovery under § 1782 is guided by the applicable standards found in the Federal

21   Rules of Civil Procedure. *See 28 U.S.C. § 1782* (providing that, "[t]o the extent that the order

22   does not prescribe otherwise, the document or other thing produced, in accordance with the

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 39*

1   Federal Rules of Civil Procedure).

2       122.    A court may authorize early discovery for the parties' and witnesses' convenience

3   and in the interests of justice. Fed. R. Civ. P. 26(d). Courts in this district generally consider

4   whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v.*

5   *Does 1-65, 2010 WL 4055667, at \*2 (N.D. Cal. 2010); Solarbridge Tech. v. John Doe, 2010 WL*

6   *3419189 (N.D. Cal. 2010); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-*

7   *77 (N.D. Cal. 2002).*

8       123.    When the identity of a party is not known, an applicant "should be given an

9   opportunity through discovery to identify the unknown defendants, unless it is clear that

10   discovery would not uncover the identities, or that the complaint would be dismissed on other

11   grounds." *Solarbridge, 2010 WL 3419189, at \*1 (quoting Gillespie v. Civiletti, 629 F.2d 637,*

12   *642 (9th Cir. 1980)).*

13       124.    In evaluating whether an applicant establishes good cause to learn the identity of

14   an unknown party through early discovery, courts examine whether the applicant (1) identifies

15   the party with sufficient specificity that the court can determine that the party is a real person

16   who can be sued in federal court, (2) recounts the steps taken to locate and identify the

17   defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that

18   the discovery is likely to lead to identifying information that will permit service of process.

19   *Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).*

20       125.    The evidence needed by Applicant is in the possession, custody and control of

21   HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN PROTECTION

22   SERVICES, INC., and is limited to information identifying the names and IP addresses of the

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 40*

1  persons / entities who are behind the email addresses and domains including personal identifying

2  details, such as name, physical addresses, phone numbers and other contact information of

3  person / entities that operated those email addresses used in the commission of a "Nigerian Type

4  Internet & Bank Fraud" and which emails were used to solicit Applicant and his partners and

5  predecessors into making wire transfers.  As such, the request does not violate the requirements

6  of Fed. R. Civ. P. Rule 26.

7  **FRCP Rule 45**

8  126.    Under FRCP Rule 45(a)(1)(C) a subpoena may command a nonparty served to

9  produce documents that are in its "possession, custody, or control."

10  127.    "Control is defined not only as possession, but as the legal right to obtain the

11  documents requested upon demand." *Searock v. Stripling, 736 F.2d 650, 653 (2d Cir.*

12  *1984).*   "Control" may also be found where an entity has "access to" and the "ability to obtain

13  the documents." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 144*

14  *(S.D.N.Y. 1997); see also, e.g., In re Ski Train Fire of November 11, 2000 Kaprun Austria, 2006*

15  *WL 1328259, *5 (S.D.N.Y. 2006) (same); Addamax Corp. v. Open Software Found., Inc., 148*

16  *F.R.D. 462, 467 (D. Mass. 1993).*

17  128.    "Access" and "ability to obtain documents" is found where "documents ordinarily

18  flow freely between" persons or entities. *Hunter Douglas, Inc. v. Comfortex Corp., No. CIV. A.*

19  *M8-85, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999).*

20  129.    The evidence needed by Applicant is or should be in the possession, custody and

21  control of HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

22  PROTECTION SERVICES, INC.  To the extent there are any documents that may technically be

---

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 41

1   in the control of another over whom / which HUGEDOMAINS.com; DROPCATCH.com 1057

2   LLC and DOMAIN PROTECTION SERVICES, INC. have control, those documents are also

3   within the possession, custody and control of HUGEDOMAINS.com; DROPCATCH.com 1057

4   LLC and DOMAIN PROTECTION SERVICES, INC. The evidence in HUGEDOMAINS.com;

5   DROPCATCH.com 1057 LLC and DOMAIN PROTECTION SERVICES, INC.'s possession,

6   custody and control is needed to assist in the ongoing criminal investigations and future

7   prosecutions of the persons and entities who / which are part of, and which benefitted from the

8   Nigerian fraud against Applicant, his partners and predecessors. *See In Re Imanagement Servs.,*

9   *2005 U.S. Dist. LEXIS 17025, \*10 (E.D.N.Y. Aug. 16, 2005); and Fleischmann v. McDonald's*

10  *Corp., 466 F. Supp. 2d 1020, 1031 (N.D. Ill. 2006).*

11                                      **CONCLUSION**

12       130.    **WHEREFORE,** in view of the foregoing, Applicant prays (i) for an Order (in the

13  form attached) directing / permitting the issuance of subpoenas duces tecum (in the forms

14  attached) to HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

15  PROTECTION SERVICES, INC. to produce the information identifying the names and IP

16  addresses of the persons / entities who are behind the domains that are owned, operated and/or

17  maintained by HUGEDOMAINS.com; DROPCATCH.com 1057 LLC and DOMAIN

18  PROTECTION SERVICES, INC., i.e. fidelity@draftprocessing.com and

19  lawfirm@randolph.com , which will show the personal identifying details, such as name,

20  physical addresses, phone numbers and other contact information of person / entities that

21  operated and paid for those email addresses and HOW they were connected to the email

22  addresses and domains in South Africa all of which were  used in the commission of a "Nigerian

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - *Page 42*

1   Type Internet & Bank Fraud" and which emails were used to solicit Applicant and his partners

2   and predecessors into making wire transfers which evidence and information will assist in the

3   South African Police Services – SAPS Sinoville Case $ 347/01/2019 investigation and future

4   prosecution and (ii) for such other and further relief as is just and appropriate and consistent with

5   28 U.S.C. § 1782.

6
7                                                    Respectfully submitted,
8   Dated: May  13 , 2019              /s/ _____
9                                                    Edward D. Fagan, Pro Se
10                                                   590 NE Wavecrest Way
11                                                   Boca Raton, FL. 33432
12                                                   Tel. (561) 757-5432
13                                                   Email: faganinternational@gmail.com
14                                                   Applicant Pro Se

In Re: Application of Edward Fagan against pursuant to 28 U.S.C. § 1782 for Judicial Assistance
in obtaining evidence from HugeDomains.com; DropCatch.com 1057 LLC and Domain Protection Services Inc
for use in a Foreign Tribunal and Proceeding - - Page 43

# EXHIBIT   1

 Gmail

Edward Fagan <faganinternational@gmail.com>

## 419 Scam Case Statement

**GP:DPCI CCU - Capt Chiloane** <ChiloaneEric@saps.gov.za>
To: "faganinternational@gmail.com" <faganinternational@gmail.com>

Fri, Mar 1, 2019 at 4:40 AM

To whom it may concern

It would be helpful if you could stay to work with our investigators through until Tuesday May 5th

We want to include our colleagues at the Cyber Crime Unit (419 Scam) and Interpol and perhaps the US Authorities since this matter involves transfers of US currencies

We will appreciate the evidence that you are trying to secure from your applications to the United States Courts and witnesses in the United States to help us in our Investigation and future prosecution of the Individuals/entities who are responsible for the crimes against you your partners

Regards

**Captain CHILOANE E**

**SERIOUS COMMERCIAL CRIME INVESTIGATION : DPCI Gauteng**

**Cell: 071 481 3402**

**Email Internal: GP:DPCI CCU - Capt Chiloane**

**Email External:** ChiloaneEric@saps.org.za


HAWKS

 Gmai

Edward Fagan <faganinternational@gmail.com>

## Sinoville CAS 347/01/2019

**GP:DPCI CCU - Capt Chiloane** <ChiloaneEric@saps.gov.za>
To: Interpol | Central Mail <interpol@saps.gov.za>
Cc: Edward Fagan <faganinternational@gmail.com>

Wed, Mar 27, 2019 at 1:47 AM

Dear Sir/Madam

The subject serves as reference

Mr E.D. Fagan ,the complainant who fell victim to internet fraud where over R181 000 000.00 (one hundred and eighty one  million rand) was lost

Deposited money into around the world in countries like USA and China to mention few. The case is highly complicated and requires

Assistance at international Level

Please advise on the above matter

Your assistance on this matter will be highly appreciated

## Captain CHILOANE E

## SERIOUS COMMERCIAL CRIME INVESTIGATION : DPCI Gauteng

## Cell: 071 481 3402

## Email Internal: GP:DPCI CCU - Capt Chiloane

## Email External: ChiloaneEric@saps.org.za







# EXHIBIT   2

 Gmail

Edward Fagan <faganinternational@gmail.com>

## Misc Follow Up Regarding Nigerian Fraud

**Bradford, Krista C. (NO) (FBI)** <kcbradford@fbi.gov>
To: Edward Fagan <faganinternational@gmail.com>

Wed, Mar 6, 2019 at 9:17 PM

Mr. Fagan,

We will meet at the FBI office tomorrow: 2901 Leon C Simon Blvd. New Orleans. La. Park outside the gate. I will let the security guards know you are coming.

Please bring with you any documentation and contact information for all other law enforcement agencies involved.

Regards,

Krista

-
[Quoted text hidden]

 Gmail

Gmail - Follow Up

Edward Fagan <faganinternational@gmail.com>

## Follow Up

**Bradford, Krista C. (NO) (FBI)** <kcbradford@fbi.gov>
To: Edward Fagan <faganinternational@gmail.com>

Wed, Mar 13, 2019 at 11:21 AM

Good morning Mr. Fagan,

I am following up from our meeting last week.

Can you please send me the contact information for your associates?

Also, I would appreciate the wire instructions and wire details for Johnbull Ejovi and David Gory as soon as you are able to get them together.

Thank you,

Krista Bradford

 Gmail                                    Edward Fagan <faganinternational@gmail.com>

## Nigerian Fraud

**Bradford, Krista C. (NO) (FBI)** <kcbradford@fbi.gov>                    Wed, Apr 3, 2019 at 6:10 PM
To: Edward Fagan <faganinternational@gmail.com>

Hello, Mr. Fagan,

Have you had a chance to get the documents together related to the instructions for the wires?

Thank you,

Krista

-
[Quoted text hidden]

# EXHIBIT   3

# ASSIGNMENT

## SECTION 1 - THE PARTIES

### Party # 1 - R.W. Daneluk - Assignor

R. W. Daneluk (D)O)B
St. John, BC V1J 1Z2 CANADA (hereinafter "Daneluk" or "Party # 1") is the owner of 100%, of the interests and rights to recovery and ownership of certain claims for recovery of monies that were paid and sent by international wire transfers between 2016 to 2018 to various persons, entities, governmental institutions and financial institutions and which monies (hereinafter "Monies Paid / Wired") were paid and sent from, to and through certain banks and financial institutions located in Canada, the United States and elsewhere in the world as part of the purchase and recovery and/ acquisition of various assets including but not limited in estate assets, real property, leases, contract rights, outstanding contract revenue, personal property, unpaid but earned income, pension and retirement plans, monies held in bank accounts, assets deposited into safe deposit boxes and vaults and other real and personal property and assets and which "Monies Paid / Wired" certain third parties in bank accounts including but not to the below listed institutions and other persons / entities who/ which assisted with the transfer of monies:

### Bank and Financial Institutions Involved :

Bank of America, Bank of Montreal, Barclays, BNP Paribas, Canadian Imperial Bank of Commerce, Citibank, Chase (JP Morgan Chase), Compass Bank, Credit Registry Corp (United Bank of Africa), East West Bank, Fidelity Investments, Forte – Equity Bank, Huntington National Bank, Money Gram, MUFG Union Bank, PNC Bank, Royal Bank of Canada, Scotia Bank, Sun Trust, TD Bank, USAA, Western Union, Wells Fargo, Zhejiang Tailong Commercial Bank, The World Bank and institutions as may be identified in the future:

### Other Persons / Entities or Institutions:

Internet / Domain Service Providers, Lawyers, Government or Quasi-Government Agencies, Transportation Companies, Insurance Companies and such other persons / entities that were involved with the solicitation, sending and receiving of the "Monies Paid / Wired"

### Party # 2 - Edward D. Fagan - Assignee

Edward D. Fagan (D)O)B,
Rotou, FI, 33432 and US Passport #
152) residing at 590 NE Watercrest Way, Boca (hereinafter "Assignee" or "Party # 2"),

## SECTION 2 - ASSIGNOR & ASSIGNEE

2.1    Party # 1 Daneluk hereby assigns to Party # 2 Fagan the absolute right and

Initials: ___ and ___

authority, to take actions, in cluded below on behalf of 100 %of Daneluk's interest in the recovery of the "Monies Paid / Wired" as described in Section 1.1 above and (i) to file administrative, regulatory, civil and criminal complaints, (ii) to make claims related to recovery of monies paid and transferred, (iii) to make claims to compel identification of the undisclosed parties to whom the paid and transferred monies may have been subsequently transferred by the banks and/or persons identified to date; and (iv) to make claims against the banks and other persons/institution who/which were involved with and/or benefited from the "Monies Paid / Wired".

2.2    Upon the successful completion of efforts and/or claims as explained above related to recovery of "Monies Paid / Wired" or when any portion of the "Monies Paid / Wired" plus interest and other damages, are returned, Party # 2 Fagan and Party # 1 Daneluk agree that recovered monies, plus any additional interest and/or other damages, shall be deposited into a Trust or Escrow account of a mutually agreed upon lawyer or accountant in Fort Saint John, British Columbia and the monies shall be retained in such Trust or Escrow account until the parties agree upon division of the recovered monies and payment of any unpaid fees and expenses incurred.

2.3    Upon the successful recovery of "Monies Paid / Wired", plus any additional interest and other damages, the parties further agree that they shall meet, discuss and agree upon an equitable and fair division of any additional monies and assets that may be recovered.

2.4    The assignment shall take effect as of this date and shall last up to and including

2.5    Party # 2 Fagan agrees to use his best efforts and diligence to pursue persons, entities, financial institutions, government institutions and others involved with "Monies Paid / Wired" and (i) locate and identify the entities responsible for and/or involved with the above referenced "Monies Paid / Wired", (ii) compel the return of "Monies Paid / Wired", plus appropriate interest and other damages and (iii) compel compliance of the return of other assets for which the "Monies Paid / Wired" were transferred, wired and paid.

2.6    Party # 1 Daneluk and Party # 2 Fagan shall agree upon a budget and payment of all ongoing fees, expenses and costs associated with the above stated purposes. Any fees, expenses and costs that may be incurred and which have not been agreed to by the Parties shall be borne exclusively by the Party who/ which was responsible for incurring the fees, expenses and costs that were not included in the agreed upon budget.

2.7    This assignment is personal to Fagan and may NOT re-assigned to third parties or others without the prior written consent of Party 1.

Initials: ___ and ___

## SECTION 3 - CONDITIONS

3.1 Party # 2 Fagan has paid ten dollars (USD) and has provided other good and valuable consideration to Party # 1 Danchik, in order to purchase this Assignment.

3.2 Party # 2 represents that he will undertake and pursue civil and criminal claims which are intended to secure the return of the "Monies Paid / Wired", to secure the payment of damages and expenses and to identify and hold responsible all persons, entities, financial institutions and / or governmental agencies that were involved with and / or benefited from the "Monies Paid / Wired".

3.3 Party # 1 Danchik understands and agrees that (i) Party # 2 Fagan is not and will not offer legal advice to Party # 1 Danchik during the course of his work during this Assignment, (ii) Party # 1 Danchik has his own lawyer and / or has had a chance to consult with his own lawyer prior to entering into this Assignment.

## SECTION 4 - WARRANTY

4.1 For purposes of this Assignment, Party # 1 Danchik hereby warrantees and confirms that has the absolute right to execute this assignment and that he will provide all reasonable cooperation with the Party # 2 Fagan to assist him in the performance of the obligations contained herein.

4.2 Insofar as legally permissible, any warranty as to Party # 2 Fagan's performance, success or results (either than Party # 2 Fagan's using its best efforts) to secure performance of the above contracts or to recover the advance fees paid or any other damages is disclaimed.

## SECTION 5 - OBLIGATION OF COOPERATION

Party # 1 Danchik agrees to cooperate with Party # 2 Fagan with regard to the preparation of declarations, statements or evidence needed for applications to regulatory, administrative, civil and criminal investigations.

## SECTION 6 - DUTY TO CONSULT & STRATEGIZE

Party # 2 Fagan agrees to consult and strategize with Party # 1 Danchik the efforts he will take in the performance of his obligations contained herein. Party # 2 Fagan shall also consult and strategize with Party # 1 Danchik with regard to any response and/or opposition to Party # 2 Fagan's efforts.

## SECTION 7 - WRITTEN FORM; CHOICE OF LAWS; SEVERABILITY

Initials: [signature] and [signature]

7.1 Any subsequent addenda or corrections to this Assignment are not valid unless set forth in writing and notarized.

7.2 The Parties agree that this Assignment is governed by the laws of the United States and Canada and that in the event of any dispute related to this Assignment, the Court(s) of the United States and Canada shall both be deemed competent to hear and shall have jurisdiction over any dispute.

## SECTION 8 - DISPUTE RESOLUTION BINDING ARBITRATION

8.1 In the event of a dispute between the parties, prior to being able to submit the dispute to a Court, the parties agree that the dispute must first be submitted for binding (and non-appealable) Arbitration in Canada or the United States, before the Canadian Arbitration Association ( https://canadianarbitrationassociation/ ) or the American Arbitration Association ( https://www.adr.org/ ) and arbitrators shall be chosen from the list of recognized and approved arbitrators from either of those two Associations.

8.2 The arbitration shall be conducted in accordance with the Rules of the American Arbitration Society and/or the Canadian Arbitration Society, depending upon the choice of Arbitration Association.

8.3 In the event the dispute is submitted for Arbitration, the Arbitration shall be conducted and concluded within 6 months of the date it is submitted.

## SECTION 9 - MISCELLANEOUS PROVISIONS

9.1 Should individual provisions or clauses of this Assignment be or become invalid in whole or in part, the remaining provisions hereof shall continue to apply. The Parties agree to act in good faith in replacing the invalid provision by agreeing upon a valid provision that most closely approximates the spirit and purpose of the invalid provision.

9.2 Prior to executing this Assignment, each Party has had an opportunity to consult with his / their own counsel. This Assignment is made with full authority and knowledge of its terms, conditions and presents.

9.3 It is agreed that Party # 1 Danchik, shall pay Party # 2 Fagan limited / reduced consulting fees and reimbursement of expenses according to a budget that shall be agreed upon by them. In the event, Party # 2 Danchik refuses to agree upon a budget or does not fund/ pay the agreed upon budgeted fees and reimbursements, Party # 2 Fagan shall be the return the Assignment and suspend or cease performance of the actions contemplated herein.

Initials: [signature] and [signature]

**This Assignment is approved by the Parties as follows:**

**Assignor - Party #1**

Dated: _San 15, 2019_
Fort Saint John, British Columbia

Notarized By:
Dated: _Jan 15 / 15_
Fort Saint John, British Columbia

Notary Seal



R. W. Danciuk

Print Name: _R.W. DANCIUK_
Address: _10644 107 Ave_
_Fort St. John, B.C._
Tel #: _250-785-7729 ___
Email: _contact@_____

**Assignee - Party #2**

Edward D. Fagan receives this Assignment according to the above terms / conditions.

Dated: _Jan 16 2019_
Boca Raton, Florida

Notarized By:
Dated:
Boca Raton, Florida

Notary Seal

Edward D. Fagan

Print Name: _Edward D. Fagan_
Address: _3031 Harrington Way_
_Boca Raton, FL 33496_
Tel #: _561-410-32___
Email: _faganinternational@_
_gmail.com_

Initials: _RWD_ and _____

# EXHIBIT  4

5/12/2019                                    Gmail - Fwd: FIDELITY IRA PROCEEDS

 Gmai                          **Edward Fagan <faganinternational@gmail.com>**

---

## Fwd: FIDELITY IRA PROCEEDS

**paul corkum <paulcorkum@hotmail.com>**                     Wed, Dec 12, 2018 at 12:18 AM
To: Ed Fagam <faganinternational@gmail.com>
Cc: "rickdquigley@gmail.com" <rickdquigley@gmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Fidelity Investment <fidelity@draftprocessing.com>
> **Date:** September 19, 2017 at 9:34:31 AM EDT
> **To:** <krc64@icloud.com>
> **Cc:** <paulcorkum@hotmail.com>, <mariambrewer2015@yahoo.com>, <lawfirm@randolph.com>,
> <dlewis5515@gmail.com>
> **Subject: FIDELITY IRA PROCEEDS**
> **Reply-To:** Fidelity Investment <fidelity@draftprocessing.com>

> Dear Mr Corkum,

>   In regards to the request received by us from the Randolph law firm in Nevada, we have been
> instructed to make payable to you, the IRA proceeds of Mr Grant Peters. Your payment check is
> ready to be sent out to your address, however, Mr Grant Peters owes $120,510 in social security
> wages. You are required to make this payment within 10days to avoid your check been voided.
> Kindly make all payments to us inform of a bank draft from any bank in the United states only.
> A copy of your payment check has been attached with this email.

> Kind Regards,

> Fidelity Investments

> 

**From:** Fidelity Investment <fidelity@draftprocessing.com>
**Date:** September 19, 2017 at 9:34:31 AM EDT
**To:** <krc64@icloud.com>
**Cc:** <paulcorkum@hotmail.com>, <mariambrewer2015@yahoo.com>, <lawfirm@randolph.com>
<dlewis5515@gmail.com>
**Subject: FIDELITY IRA PROCEEDS**
**Reply-To:** Fidelity Investment <fidelity@draftprocessing.com>

Dear Mr Corkum,

 In regards to the request received by us from the Randolph law firm in Nevada, we have been
instructed to make payable to you, the IRA proceeds of Mr Grant Peters. Your payment check is
ready to be sent out to your address, however, Mr Grant Peters owes $120,510 in social security
wages. You are required to make this payment within 10days to avoid your check been voided.
Kindly make all payments to us inform of a bank draft from any bank in the United states only.
A copy of your payment check has been attached with this email.


Kind Regards,

Fidelity Investments




---------- Forwarded message ----------
From: **paul corkum** <paulcorkum@hotmail.com>
Date: Thu, Dec 13, 2018 at 10:52 AM
Subject: Fwd: IRA TAX BILL
To: Edward Fagan <faganinternational@gmail.com>

Get Outlook for iOS

**From:** Fidelity Investment <fidelity@draftprocessing.com>
**Sent:** Wednesday, September 20, 2017 6:03:30 AM
**To:** krc64@icloud.com
**Cc:** paulcorkum@hotmail.com; dlewis5515@gmail.com; lawfirm@randolph.com
**Subject:** IRA TAX BILL

Dear Mr Corkum,

 In regards to the request received by us from the Randolph law firm in Nevada, kindly find the attached tax bill for Mr Grant Peters.

Kind Regards,

Fidelity Investments



📄 **IRA TAX BILL.pdf**
29K

RANDOLPH LAW FIRM

2045 VILLAGE CENTRE

LAS VEGAS

September 1st, 2017

KARI PETERS

3178 PRINCIPAL STREET

WENDOVER, ONTARIO CANADA

Dear Sir/Madam.

You were to have paid the amount of $35,000.00USD (the "Debt") to me on September 1, 2017 and this Debt remains outstanding despite my requests for payment. The Debt relates to.
DEBT IS REQUIRED FOR PURPOSE OF RECOVERY OF THE $1,800,000.00 TRUST FUND OF GRANT PETERS FROM FIDELITY INVESTMENTS.

I hereby demand that payment of the full amount of the Debt be paid to me within 10 days from the date of this letter at the following address: 2045 VILLAGE CENTRE, LAS VEGAS

Please note that if I have to commence legal proceedings in order to secure repayment of the debt owing, this letter will be tendered in court as evidence of your failure to attempt to resolve this matter. Further, you may be liable for any court costs, lawyer fees and damages, including punitive damages.

You might want to contact a lawyer to discuss your legal rights and responsibilities.

Yours sincerely,

_____

RANDOLPH LAW FIRM

Sent from my iPhone

5/12/2019                                    Gmail - Fwd: Payment processing

 Gmail                          Edward Fagan <faganinternational@gmail.com>

---

## Fwd: Payment processing

---

**paul corkum** <paulcorkum@hotmail.com>                    Wed, Dec 12, 2018 at 12:20 AM
To: Ed Fagam <faganinternational@gmail.com>
Cc: "rickdquigley@gmail.com" <rickdquigley@gmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Fidelity Investment <fidelity@draftprocessing.com>
> **Date:** September 29, 2017 at 3:37:58 AM EDT
> **To:** krc64@ıcloud.com
> **Cc:** paulcorkum@hotmail.com, dlewis5515@gmail.com, lawfirm@randolph.com
> **Subject: Payment processing**
> **Reply-To:** Fidelity Investment <fidelity@draftprocessing.com>

Dear Mr Corkum,

This is an acknowledge email to inform you that we have received the bank draft in the amount $120,500 being the full-payment of Social security wages debt of Mr Grant Peters. As we were informed that the payment cheque from us would be lodged in a foreign account located in Canada, please allow 5-7 working days for your payment cheque to process. Once your check is ready, you would be informed and it would be sent securely with a tracked postage to your address on file stated below.

**KENNETH CORKUM**

**3178 PRINCIPAL STREET,**

**WENDOVER, ONTARIO, CANADA.**

Kind Regards,

Fidelity Investments



**From:** Fidelity Investment <fidelity@draftprocessing.com>
**Date:** September 29, 2017 at 3:37:58 AM EDT
**To:** krc64@icloud.com
**Cc:** paulcorkum@hotmail.com, dlewis5515@gmail.com, lawfirm@randolph.com
**Subject: Payment processing**
**Reply-To:** Fidelity Investment <fidelity@draftprocessing.com>

Dear Mr Corkum,

This is an acknowledge email to inform you that we have received the bank draft in the amount $120,500 being the full-payment of Social security wages debt of Mr Grant Peters. As we were informed that the payment cheque from us would be lodged in a foreign account located in Canada, please allow 5-7 working days for your payment cheque to process. Once your check i ready, you would be informed and it would be sent securely with a tracked postage to your address on file stated below.

**KENNETH CORKUM**

**3178 PRINCIPAL STREET,**

**WENDOVER, ONTARIO, CANADA.**

Kind Regards,

Fidelity Investments



## W2 OF A DECEASED U.S PERSONS

| 22222 | Void ☐ | **a** Employee's social security number ~~-6032~~ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|

| **b** Employer identification number (EIN) ~~~~460 | | **1** Wages, tips, other compensation $1,800,000 | **2** Federal income tax withheld - |
|---|---|---|---|
| **c** Employer's name, address, and ZIP code WARNER BROS STUDIO ENTERPRISES INC. 4000 WARNER BLVD. BURBANK, CA 91522 | | **3** Social security IRA $1,800,000 | **4** Social security IRA tax debt $120,510 |
| | | **5** Medicare wages and tips - | **6** Medicare tax withheld - |
| | | **7** Social security tips - | **8** Allocated tips |
| **d** Control number 00000-3204362-843US | | **9** Verification code - | **10** Dependent care benefits - |

| **e** Employee's first name and initial GRANT | Last name PETERS | Suff. | **11** Date of death (D.O.D) 03/07/07 | **12a** See instructions for box 12 |
|---|---|---|---|---|
| | | | **13** Statutory employee ☐   Retirement plan ☐   Third-party sick pay ☐ | **12b** |
| 463 BROADWAY STREET, NEW YORK 10010 ALBANY | | | **14** Other | **12c** |
| | | | | **12d** |
| **f** Employee's address and ZIP code | | | | |

| **15** State CA | Employer's state ID number 3204362 | **16** State wages, tips, etc $1,800,000 | **17** State income tax PAID | **18** Local wages, tips, etc. - | **19** Local income tax PAID | **20** Locality name BURBANK |
|---|---|---|---|---|---|---|

Form **W-2**  **Wage and Tax Statement**   **2017**

Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration** — Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**For Privacy Act and Paperwork Reduction Act Notice, see the separate instructions.**

Cat. No. 10134D

### Do Not Cut, Fold, or Staple Forms on This Page