**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-mc-00037-RM

In re APPLICATION OF EDWARD D. FAGAN,
PURSUANT TO 28 U.S.C. § 1782 FOR JUDICIAL ASSISTANCE IN OBTAINING
EVIDENCE FROM DROPCATCH.COM 1057 LLC;
DOMAIN PROTECTION SERVICES, INC., and
HUGEDOMAINS.COM, and THE PERSONS/ENTITIES BEHIND
fidelity@draftprocessing.com & lawfirm@randolph.com
FOR USE IN A FOREIGN TRIBUNAL AND PROCEEDING,

     Applicant.

---

## ORDER

---

This matter is before the Court on the "Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 to Aid in Foreign Proceeding" (the Application") (ECF No. 1), filed *ex parte* by Edward D. Fagan who proceeds *pro se*. At issue is whether Mr. Fagan has demonstrated the Court should exercise its discretion and provide the requested discovery assistance sought pursuant to 28 U.S.C. § 1782. Upon review of the Application and the relevant law, the Court finds Mr. Fagan has not.

    **I.**    **BACKGROUND**

Mr. Fagan's Application is based on the following allegations. A "Nigerian Type Internet & Bank Fraud" was committed against Mr. Fagan, his partners, and predecessors. Specifically, Kari Peters (and persons or entities unknown) used two email addresses and three domains to defraud Mr. Fagan (and the others) into sending millions of dollars in wire transfers to acquire an interest in certain "Inheritance Monies and Assets." Such monies and assets, according to Mr. Fagan, did not exist.

The South African Police Services ("SAPS") of the Republic of South Africa is conducting a criminal investigation against Ms. Peters concerning this fraud. Mr. Fagan seeks an order from this Court to obtain information in the custody and control of the three domains for use in the SAPS investigation.

II. ANALYSIS

Under 28 U.S.C. § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made…upon the application of any interested person." Mr. Fagan proceeds *pro se*; therefore the Court reviews his papers more liberally than those prepared by lawyers. *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012). The Court, however, does not act as the *pro se* party's advocate. *Id.*

The threshold requirements of § 1782 are met if "'(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.'" *In re Request for Int'l Judicial Assistance from the Norrköping District Ct., Sweden* , 219 F. Supp. 3d 1061, 1062 (D. Colo. 2015) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)).

Mr. Fagan has not shown all the threshold requirements are met here. The first requirement is met because, according to the Application, the domain witnesses may be found in Denver. The third requirement is also shown as Mr. Fagan is one of the victims of the alleged

fraud and the original complaining witness in the investigation; therefore, he qualifies as an interested person. The second requirement, however, is not satisfied. Mr. Fagan represents the discovery sought is for use in a criminal investigation before the SAPS – that this investigation is a "foreign proceeding." The requirement, however, is that the discovery be for use in a "foreign tribunal" and Mr. Fagan fails to show the SAPS is such a "tribunal." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004) (noting "tribunal" includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies as well as conventional courts). Even assuming, *arguendo*, Mr. Fagan satisfies the threshold requirements, the Court's inquiry does not end here.

The Court still retains discretion over whether to allow the requested discovery, even if the statutory threshold requirements are met. *See Intel Corp.*, 542 U.S. at 247, 264 (Section 1782(a) "authorizes but does not require" a district court to provide judicial assistance). The Supreme Court has identified the following factors which a court should consider in ruling on a § 1782(a) request: (1) whether the party from whom discovery is sought is a participant in the foreign proceeding and, therefore, within the jurisdiction of the tribunal; (2) the nature of the foreign tribunal and the character of the foreign proceeding; (3) the receptivity of the foreign tribunal to such judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; (5) whether the request is an attempt to circumvent other foreign or United States policies; and (6) whether the request is unduly intrusive or burdensome. *Intel Corp.*, 542 U.S. at 264-65; *see Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1124 (D. Colo. 2011), *aff'd and adopted*, No. 11-CV-01470-WYD-MEH, 2011 WL 5439681 (D. Colo. Nov. 9, 2011) (identifying factors). Upon review, the Court finds they do not support the rendering of the judicial assistance requested.

First, the domains against whom Mr. Fagan seek information are not participants in the SAPS. Nonetheless, Mr. Fagan states the SAPS is investigating Ms. Peters who allegedly sent or received the emails requesting monies to obtain an interest in the Inheritance Monies and Assets and who controlled one or more of the domains. As such it appears that Ms. Peters is within the jurisdiction of the SAPS and Mr. Fagan fails to show the SAPS is unable to obtain the requested information from her.

Next, the nature of the foreign tribunal. Here, the SAPS is not a tribunal but the police and the proceedings at issue are police investigations. As such, the Court finds it does not support or warrant judicial assistance.

Third, the receptivity of the foreign tribunal to such judicial assistance. Mr. Fagan has submitted emails indicating the SAPS would be receptive. But, the Court is not persuaded that it should rely on unsubstantiated emails and, further, the police is not a tribunal.

Fourth and fifth, whether the request is an attempt to circumvent foreign discovery restrictions or policies. Here, Mr. Fagan summarily states he is not doing so, implicitly acknowledging such restrictions and policies exist. However, Mr. Fagan fails to identify what restrictions or policies exists and why his request does not circumvent them. In addition, *Intel* directs the Court to consider the attempted circumvention of any United States policies, a factor which Mr. Fagan fails to address.

Finally, the Court examines whether the request is unduly intrusive or burdensome. The subpoena to appear to testify and provide documents requests personal identifying information concerning the two email addresses and three domains. If the request is limited to the name, physical addresses, phone numbers, and email addresses of the persons and entities who own the addresses and domain names, and that such disclosure would be subject to a protective order or

other similar measure, the Court agrees the request would not be unduly intrusive or burdensome. However, this factor, standing alone, does not save the request.

III.    CONCLUSION

In summary, the Court is not persuaded there has been a sufficient showing to support the requested relief, *i.e.*, that judicial assistance should be rendered to obtain discovery to assist a foreign police investigation of the alleged fraudulent scheme. It is therefore **ORDERED** that the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 to Aid in Foreign Proceeding (ECF No. 1) is **DENIED** and the Clerk is directed to **CLOSE THIS CASE**.

DATED this 7th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge